IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LLOYD SHANE FREDERICKS                                                                   PLAINTIFF

vs.                                            Civil No. 2:14-cv-02129

CAROLYN COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lloyd Shane Fredericks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI were filed on September 27, 2011. (Tr. 116, 135-147). Plaintiff alleged he was disabled due to memory problems, left knee problems, ankle problems, arthritis, possible adult ADD, possible TBI, slow learning, anxiety, depression, and anti social. (Tr. 187). Plaintiff alleged an onset date of February 3, 2008. (Tr. 16, 135, 141). These applications were denied initially and again upon reconsideration. (Tr. 16, 64-74, 82-86). Thereafter, Plaintiff requested

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

an administrative hearing on his applications and this hearing request was granted. (Tr. 80).

Plaintiff's administrative hearing was held on February 21, 2013. (Tr. 36-63). Plaintiff was present and was represented by counsel, Dianna Ladd, at this hearing. *Id.* Plaintiff, his son, and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 43).

On May 9, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 16-30). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012. (Tr. 18, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 3, 2008. (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the severe impairments of anxiety, mood disorder, degenerative joint disease, learning disorder, osteoarthritis, and depression. (Tr. 18, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 22-28). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for sedentary work except is able to climb ramps and stairs occasionally but is never able to climb ladders, ropes, scaffolds; can balance, stoop, kneel, crouch, and crawl occasionally; can reach (including overhead reaching) on the right occasionally; able to handle and finger bilaterally frequently; limited to jobs that do not require complex written communication; able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and

performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete. (Tr. 22, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). The ALJ found Plaintiff was unable to perform his PRW as a chef, restaurant cook, and welder's helper. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 28, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as production and assembly worker with 1,685 such jobs in the region and 72,781 such jobs in the nation, and inspectors, examiners and weighers with 166 such jobs in the region and 13,408 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 3, 2008, through the date of the decision. (Tr. 30, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On June 2, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 23, 2014. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant

work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred in the RFC determination and in the Step 5 determination. ECF No. 8, Pgs. 2-4. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9.

#### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination

is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for sedentary work except is able to climb ramps and stairs occasionally but is never able to climb ladders, ropes, scaffolds; can balance, stoop, kneel, crouch, and crawl occasionally; can reach (including overhead reaching) on the right occasionally; able to handle and finger bilaterally frequently; limited to jobs that do not require complex written communication; able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete. (Tr. 22, Finding 5). Plaintiff argues the ALJ erred in this RFC determination because Plaintiff was unable to stand or walk for two hours out of an eight hour workday and was unable to sit continuously for six hours out of an eight hour workday. ECF No. 8, Pgs. 2-3. However, substantial evidence supports the ALJ's RFC determination.

In May of 2006, Plaintiff was treated by Dr. Richard Southwell. (Tr. 266-273). During this time, which was prior to Plaintiff's alleged date of disability, Plaintiff had a diagnostic arthroscopy of the left ankle, removal of a fibular plate and screws, and a Brostrom-Gould reconstruction of the left ankle. *Id.*

On February 21, 2008, x-rays of Plaintiff left foot show some swelling and evidence of a prior surgery, but no acute fracture, subluxation, or dislocation. (Tr. 291). In February of 2010, Plaintiff underwent a left knee arthroscopy with partial medial meniscectomy. (Tr. 23, 274-281).

On May 10, 2012, Plaintiff was seen by Dr. Clifford Lamar Evans for a consultative General Physical Exam. (Tr. 319-323). Dr. Evans indicated Plaintiff had normal range of motion in his knees, spine, and other extremities, except for some limitation in his ankles. *Id.* Dr. Evans found Plaintiff

had a gait abnormality and would have mild to moderate limitations based upon his impairments. *Id.* Following this, on July 19, 2012, Plaintiff underwent x-rays of his left ankle which revealed osteoarthritis, but normal alignment and no acute fractures. (Tr. 436). X-rays of Plaintiff's right knee revealed osteoarthritic changes in the knee, but showed no joint effusion or acute fracture. (Tr. 438).

Also, in determining Plaintiff's RFC, the ALJ found the lack of corroborating evidence to support Plaintiff's allegations of pain included the fact that the record contained sparse medical evidence and showed significant gaps in treatment. (Tr. 23-24). Plaintiff's sporadic and limited treatment history did not support his complaints of disabling limitations. *See Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**B. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the

Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform for sedentary work except is able to climb ramps and stairs occasionally but is never able to climb ladders, ropes, scaffolds; can balance, stoop, kneel, crouch, and crawl occasionally; can reach (including overhead reaching) on the right occasionally; able to handle and finger bilaterally frequently; limited to jobs that do not require complex written communication; able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete. (Tr. 22, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 59-60). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 28,

Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 30, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE